**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Clarence Edward LANCASTER,
Defendant–Appellant.**

No. 14–30088.

United States Court of Appeals,
Ninth Circuit.

Submitted April 22, 2015.*

Filed April 27, 2015.

Kevin Thomas Maloney, Assistant U.S., Anthony G. Hall, Esquire, Assistant U.S.,

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Kimberly Ann Coster, Law Office of Kimberly A. Coster, Inc, Boise, ID, for Defendant–Appellant.

Before: GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

## MEMORANDUM **

Clarence Edward Lancaster appeals from the district court's judgment and challenges the 63–month sentence imposed following his guilty-plea conviction for bank larceny, in violation of 18 U.S.C. § 2113(b). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Lancaster contends that the government implicitly breached the parties' plea agreement by commenting on the seriousness of his criminal history and other information that was contained in the presentence report. We review this claim de novo. *See United States v. Heredia*, 768 F.3d 1220, 1230 (9th Cir.2014). We agree that the government's extended references at the sentencing hearing to aggravating factors related to Lancaster's offense and criminal history breached the plea agreement. *See id.* at 1231 ("An implicit breach of the plea agreement occurs if . . . the government agrees to recommend a sentence at the low end of the applicable Guidelines range, but then makes inflammatory comments about the defendant's past offenses that do not 'provide the district judge with any new

information or correct factual inaccuracies.' " (quoting *United States v. Whitney*, 673 F.3d 965, 971 (9th Cir.2012))). Accordingly, we vacate and remand for resentencing. *See Whitney*, 673 F.3d at 976. We remand to a different judge as required by our circuit law "although in doing so we intend no criticism of the district judge . . . and none should be inferred." *Id.* (internal quotations omitted).

**VACATED and REMANDED for resentencing.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

